UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KASSANDRA D. FITZGERALD, ET AL. | CIVIL ACTION NO. 09-1147 |
| VERSUS | JUDGE MAURICE HICKS, JR. |
| EXXON MOBIL CORPORATION | MAGISTRATE JUDGE HORNSBY |

**JUDGMENT**

Before the Court is the Report and Recommendation of the Magistrate Judge, which recommends that Plaintiffs' Motion to Remand (Record Document 7) be granted; that the case be remanded to the 42nd Judicial District Court, DeSoto Parish, Louisiana, pursuant to 28 U.S.C.A. § 1447(e); and that Plaintiffs' Alternative Motion for Voluntary Dismissal Without Prejudice (Record Document 7) be denied as moot. Defendant filed objections to the Report and Recommendation (Record Document 15) seeking *de novo* review of Plaintiffs' motions. See Record Document 15.

The Court has conducted an independent review of the record and has considered the objections, response, and reply to the Report and Recommendation filed by the parties. After such review, the Court concludes that the findings set forth in the Report and Recommendation are correct under the applicable law and concurs with the recommendations of the Magistrate Judge.

The Court will specifically address Defendant's second issue for review, which was framed as follows:

> Is remand proper when the **necessary predicate** to the decision for remand is on the basis of a judicial determination that the Sinclair Assignment is, in fact, a sublease. In other words, is remand proper **if solely based on an indispensable party analysis** which assumes the validity of an alleged defense presented by Exxon?

Record Document 15-2 at 2 (emphasis added). Defendant further contends that Magistrate Judge Hornsby's "judicial determination" that the Sinclair Assignment is a sublease "is the 'admitted' underpinning of the indispensable party analysis and the actual basis of the Hensgens factors analysis." Id. at 8. The undersigned disagrees, finding that Defendant's contention that remand was solely based on the indispensable party analysis is an overstatement.

It is true that Magistrate Judge Hornsby "assume[d]" that the Sinclair Assignment was a partial sublease rather than an assignment." Record Document 14 at 3. However, this assumption was for the limited purpose of conducting the indispensable party analysis. See id. Magistrate Judge Hornsby ultimately concluded that the Cassard heirs and Zadeck were indispensable parties and recommended joinder, and remand, pursuant to this rationale. See id.

Notwithstanding, Magistrate Judge Hornsby then assumed that the Cassard heirs and Zadeck were not indispensable parties and analyzed joinder by applying the Hensgens factors to determine whether to exercise discretion by adding non-diverse and non-indispensable party. See id. at 5. Under this independent analysis, the Magistrate Judge again concluded that joinder was appropriate, which necessitated remand. See id. at 5-6. Thus, Defendant's argument that remand was solely based on the indispensable party analysis is misplaced.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to File First Amended Complaint (Record Document 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand (Record Document 7) is **GRANTED** and that this case be, and is hereby, **REMANDED** to the 42nd Judicial District Court, DeSoto Parish, Louisiana, pursuant to 28 U.S.C.A. § 1447(e).

**IT IS FURTHER ORDERED** that Plaintiffs' Alternative Motion for Voluntary Dismissal Without Prejudice (Record Document 7) is **DENIED** as **MOOT**.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 18th day of February, 2010.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE